Thank you, your honor. May it please the court, counsel. My name is Hank Branham. I'm an assistant federal defender from Great Falls, Montana, and I appear here for Noah Gordon. Mr. Gordon pled guilty to count one of the indictments, which charged him with conspiracy to import a controlled substance, which was MDMA or ecstasy, in violation of 21 U.S.C. 963. The advisory guideline range was 57 to 71 months. Mr. Gordon was sentenced to 70 months, and we're not sure why. We present two issues to this court. Did the district court commit reversible procedural error by its failure to adequately explain the sentence? And did the district court impose a substantively unreasonable sentence because the sentencing guideline setting forth the equivalency between marijuana and MDMA or ecstasy is in itself, and this applied to Mr. Gordon's case, unreasonable? There is a de novo review of whether the district court provided an adequate statement of the reasons for the sentence, and that's from this court's Hammond decision. And it's an abuse of discretion on all other sentencing decisions, whether a sentence is within or without the guideline range, and we cite Carty for that proposition. On the issue of the adequate explanation, it's almost like being asked to prove a negative. The district court, however, must provide the defendant specific reasons for the sentence. When a party raises a specific non-frivolous argument tethered to a relevant 3553A factor, then the judge should normally explain why he accepts or rejects the party's position. And that didn't happen here. It's our submission. You're contending that the district judge did not mention Kimbrough or distinguish it or? Well, that's part of it, Your Honor. He, in parlance, he kind of, there's the Mount Rushmore of new sentencing cases of Booker, Rita Gall, and Kimbrough, and he only mentioned three of the four. So I think that, not in and of itself, of course, no, the failure to mention one case. That would be a tough standard that. Yeah, and that's not what we're proposing, Your Honor. I'm sure I will forget something significant in addressing you here today, so, of course, I don't think just. But it's that failure to mention coupled with his consistent admonition to both attorneys to not ask the witness anything that could be seen as criticizing or questioning the sentencing commission's determination. And it's our position, of course, that that's compounded by the lack of clarity as to why the sentence was imposed. And specifically, the judge says, well, I will take the, the district judge said, I will take this into account as I deem it appropriate. And then when he imposed the sentence, he said, and I've taken it into account as I deem appropriate. And that's it. You know, let us in on it. What was deemed appropriate and what was deemed inappropriate? And that's what this record, in our opinion, does not reveal. And, of course, Kimbrough and I more recently, Spears clearly says that you can, a district court can disagree with the guidelines. It doesn't say they have to. Well, wasn't, Kimbrough was before Cardi, correct? Yes, Your Honor. And we reheard Cardi in order to kind of lay out the foundation from Rita, Gall, Kimbrough, et cetera, what all of this meant. And since the judge did reference Cardi, why wouldn't that be sufficient to suggest that he understood what the lay of the land was in these post-Rita and Gall cases? In and of itself, citing Cardi is fine, but I think when you couple it with what happened at the hearing being this insistence that, you know, don't look, don't criticize the sentencing commission, that's in my mind what calls into question whether or not the district court understood its ability, not its obligation, but its ability to look at the disparity. And again, Kimbrough and more recently Spears reaffirm, albeit in the crack context, that the district court can look and disagree with the guidelines, and I think clearly that reasoning is applicable to an ecstasy case. I don't think it's just limited to crack and cocaine. Again, the district court told us that it would take whatever the testimony was, that it deemed appropriate, but then it doesn't tell us what it deemed appropriate. Mr. Gordon got a month below the high end. Was that because of the horrible abuse he suffered as a child? Was it because his alleged history as a drug dealer, which I must point out, this is his first distribution conviction. He had some charges but no convictions. All his prior convictions were for simple possession. Now, we don't know, Mr. Gordon doesn't know, and unfortunately this court doesn't know the reasons for the sentence because that wasn't explained to us at the hearing. As far as the reasonableness of the sentence, it's a 500 to 1 ratio, and Mr. Geetson testified that he found no scientific evidence to support that whatsoever. And as we lay out in our opening brief, a lot of the research that the commission says they rely on has since been at least somewhat discredited. And Mr. Geetson attempted to testify that one ecstasy pill is worth or equal to roughly 1,250 marijuana cigarettes. That's certainly a significant disparity and one that at least I think should be looked into. Again, the district court is not obligated to agree with us, but at least has the ability to investigate and analyze that issue. Additionally, the pills were of really low quality. They were basically a third of the strength of a normal or what the commission thought a normal pill would be, so I think that should be factored into sentencing also. The district court- You know, we have to somehow in this case we have to be left with this clear, definite and clear sense that justice rolled off the rails basically in the sentencing. What do you think is the best piece of evidence that would suggest that vis-à-vis the client? I would say as far as just the sentence, the disparity and the fact that both the government, I believe, and the judge referred to his drug-dealing history when that's not supported by the record. This is his first distribution or this was a conspiracy to distribute the first distribution offense. And I think the precinct's report tied his history of having suffered abuse that led to his drug usage and ultimately in this case, yes, led to the attempt or the conspiracy to import the ecstasy from Canada. And I believe I preserved that with my objection that the sentence didn't comply with the statute. And, you know, when I did civil work and you'd prop a witness for a deposition, you'd say don't worry about the pause and how long you take because that won't show up on the record. Well, I can submit to the court there was no pause here. I objected. The district judge said your objection is noted. The sentence stands. The district court did not- Your objection was as to whether he considered all the factors? I- Or did you- What I don't recall, and maybe you can help me, and I was just looking at the record, did you tell the judge that basically he was mistaken about the dealing? No, I did not, Your Honor. I remember standing there thinking, boy, that doesn't sound right, but I didn't have a positive enough recollection that I wanted to dispute that. But I think it's significant. I made the objection. The judge said it's noted and gave the sentence. The district court did not say I don't understand your objection or what more would you like me to do. So I think it was preserved. Do you want to reserve the record? I was about to ask that, Your Honor. Thank you. May it please the court, counsel, Brian Whitaker for the United States. Your Honor, the government would submit that the district court in this case fully explained the sentence and fully considered all the arguments that were before it and reached a sentence that was reasonable but no greater than necessary. The district court, in fact, did accept the defendant's arguments, at least to some degree, because the district court said that he'd factored in this information about the testimony that was provided by their quote-unquote expert about the drug equivalency calculation. The district judge says he's factored it in to the extent that I deem it appropriate, this testimony about the drug equivalency. And then he says, and while this is a factor, it is certainly not the only factor of significance in your case. And then he went on to describe the factors that he found were significant, and he talked about the incredibly long criminal history of the defendant, the history of the defendant undertaking this as a commercial undertaking. He focused on that two different times. He also focused two different times on the fact that there was a distinct need to protect the public in this case, and that was in response to the government's argument and the sentencing memorandums that were submitted that this particular drug, this MDMA drug, is targeted particularly to the youth of America, to teenagers, and that there was a distinct need in this particular case to protect those particular people. And the judge found that compelling, that that was something that needed to be factored in to this sentence. And then he also factored in a large number of pills, and he also factored in exactly what the defendant had asked him to factor in, and that was the defendant's own need for drug treatment and counseling while in custody. He factored that in. He specifically referred to that. And then he referred to the need for punishment for this type of a crime. And that was significant in the fact that the government had argued and submitted evidence that this particular drug, 90 percent of the MDMA in America, is imported into the United States, and that's exactly what this defendant was doing. He was importing MDMA into the United States from Canada. And so these factors weighed heavily in the court's determination of what's an appropriate sentence, and that's exactly how the district court described it. And so while he did factor in this evidence about the drug equivalency, he also found it compelling there was all these other circumstances, and he specifically addressed those and gave his reasons for the sentence. Mr. Whitaker, I've read the record somewhat the way that you're reciting it, but as you're preparing for this argument and you look at this record, did it occur to you that maybe the judge should have said something more? If you had been the judge, you might have, but it really doesn't make any difference. Well, Your Honor, I would look to Rita in that, and that's exactly what the Supreme Court noted in that case, where the district judge in that particular case had given a very brief explanation. He basically, or I don't know if it was he or she, the district court in that case basically heard the several arguments that for a low-end or a below-guideline sentence that the defendant was a vulnerable victim, military experience, and poor physical condition, and asked the judge for a lower sentence. And the district judge there didn't give much. They basically said that it's appropriate to enter a sentence at the low end of the guidelines. And the Supreme Court found that while the judge there may have said more, maybe we would have hoped they would have said more, that that basis was legally sufficient. And so while we may say, well, maybe the judge should have said more here, he could have said more, it's still legally sufficient what he did. He went through all the factors, and, in fact, he analyzed it much more thoroughly than what occurred in Rita. And as Rita teaches it, it says that when a judge simply decides to apply the guidelines to a particular case, doing so will not necessarily require a lengthy explanation. And this is a guideline sentence. And, in fact, in this case, the defendant initially in his argument for what sentence would be appropriate argued for a low-end guideline sentence of 57 months. And then he later went on to argue that it should be 30 to 37, but he still said that that would be a reasonable sentence in this case, which is a guideline sentence. And a lengthy explanation is not required under the standard that the Supreme Court has given us. And when you look at Cardi, Cardi is the same way. In Cardi, a lengthy explanation was not given as well. Well, of course, Cardi said something to the effect of ordinarily if you have a within-the-guidelines sentence, you're fine and you don't need much explanation. But when a party challenges that or asks for a downward departure or challenges it like they did here, the characterization and the sentencing guidelines, then you may need more. This case is actually, I think, very similar to Cardi. In Cardi, the district court didn't specifically refer to its 3553A authority. And the defendant there challenged the explanation of the sentence based upon the fact that the judge didn't specifically talk about the 3553A factors. And this court said it looked at the context of the sentencing and it looked to the party's papers, the party's memorandums that had been filed, and it said when you look at the context of what was before the court, it's clear that the district court considered that and took that into account. So even though they didn't specifically talk about the 3553A factors itself, it was still sufficient. So I think it's very similar here. We have a case here where the court didn't specifically say, well, I recognize my Kimbrough authority. But when you look at the party's papers here, the record shows that both parties submitted sentencing memorandums that talk about the Kimbrough authority to be able to disregard the sentencing guidelines on policy grounds. And so we have the same situation now where we're faced with did the district court consider that, and I submit that the district court certainly did consider that and factored that in. Because he said he did that. He factored that in several times. He said he relied on it. He looked at the papers. He considered everything that was before the court, the arguments, the expert testimony, and the party's written submissions. So I would submit that the court did consider those factors. And then lastly, the other question is, what is the substantive sentence? The sentence is reasonable on a substantive matter. When you look at, first, this is a guideline sentence, and that normally guideline sentences are not found to be unreasonable on appeal. In this case, there's certainly sufficient evidence to support the sentence as those factors that I had been through earlier. And when you look at the evidence that was also submitted by the, quote-unquote, expert, there wasn't much that was submitted there, the expert testified that in his research he had found no scientific basis for the marijuana to MDMA equivalency calculation. Well, when you look closely at what he said his research was, he looked on Yahoo, Google, Yahoo, Google, the DEA's website, the Sentencing Commission's website, and he read several articles. And that was the basis of his conclusions, that there was no scientific evidence. And so when you factor that in with all the other factors of the specific defendant, it shows that this guideline sentence is reasonable. And, therefore, the government would ask that this Court affirm the sentence. Thank you. Thank you. As Mr. Whitaker just argued, the district court said it factored in the info. And, actually, what he, the quote is, I factored in, to the extent I deem it appropriate, this testimony about the manner in which the drug equivalency calculations were made. What's appropriate? How was it deemed appropriate or inappropriate? All the district court says was, as I've deemed it appropriate, I think, Mr. Gordon, the parties in this Court are entitled to know what was appropriate or inappropriate. Yes, the general rule is in a guideline sentence you don't need much explanation. But I think when the district court says, I'm going to, or I may consider some of this, I think then the parties are entitled to know, well, what was that consideration? That's, in a nutshell, the defendant's position in this case, Your Honors. And, yes, the purpose of Mr. Dietzen's testimony was there's no scientific basis, so we invited the Court under Kimbrough to look at this. We don't know, looking at it, if it did take place, what that analysis was. And that's why we believe there wasn't a sufficient explanation of the sentence. I appreciate the courts hearing our case, and we would ask that this case be reversed and remanded for additional proceedings. Thank you. Thank you. I want to thank both counsel for your arguments this morning. The United States v. Gordon is submitted. And then we'll next hear argument in Elkins v. Kellogg.
judges: Hall, Thompson, McKeown